<em>Motion and exceptions overruled;</em>

otherwise,

<em>Motion sustained, and new trial granted.</em>

---

EMERY O. BEAN, Administrator,

*vs.*

AUGUSTUS R. HARRINGTON.

Kennebec.    Opinion February 15, 1896.

*Deed.    Notes.    Failure of Consideration.*

Partial failure of title has always been held in this State to be no defense to a suit upon notes given for the purchase of land; but a total failure may be.

ON REPORT.

The case appears in the opinion.

*Fred Emery Beane*, for plaintiff.

*L. T. Carleton*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J.    Writ of entry to foreclose a mortgage.    On motion for conditional judgment, the defendant seeks to reduce the amount due by deducting the damages suffered for breach of the covenants in a warranty deed to him from the plaintiff's intestate, the consideration for which was the note secured by the mortgage sought to be foreclosed.    The breach of covenant set up was the right of a stranger to flow some part of the land conveyed.

To proceedings of this sort it is said that the same defenses, except the statute of limitation, may be made as if the suit were upon the mortgage notes.    *Ladd* v. *Putnam*, 79 Maine, 568; *Fuller* v. *Eastman*, 81 Maine, 286.

Partial failure of title has always been held in this State no defense to a suit upon notes given for the purchase of land. *Hodgdon* v. *Golder*, 75 Maine, 293 ; *Thompson* v. *Mansfield*, 43 Maine, 490 ; *Morrison* v. *Jewell*, 34 Maine, 146 ; *Wentworth* v. *Goodwin*, 21 Maine, 150 ; *Lloyd* v. *Jewell*, 1 Greenl. 352. A total failure may be. *Jenness* v. *Parker*, 24 Maine, 289. So a partial failure, other than failure of title, may be. *Ladd* v. *Putnam*, supra ; *Herbert* v. *Ford*, 29 Maine, 546 ; *Hammatt* v. *Emerson*, 27 Maine, 308.

*Conditional judgment for plaintiff.*